IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THERESA WINTERS BAYMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. |
| LIFE INSURANCE COMPANY ) | |
| OF NORTH AMERICA ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Theresa Winters Bayman (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Life Insurance Company of North America (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

6.

Defendant negotiated, maintained and administered the disability policy at issue in this Complaint.

## II.  STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, Alzheimer's Disease and Related Disorders Association, Inc., contracted with Defendant to provide long term disability benefits to its employees.

9.

At all times material to this action, an insurance policy for long term disability was in full force and effect, constituting a binding contract between Defendant Alzheimer's Disease and Related Disorders Association, Inc.

10.

Defendant pays long term disability insurance to covered employees of Alzheimer's Disease and Related Disorders Association, Inc. under the Policy from its own assets.

11.

Alzheimer's Disease and Related Disorders Association, Inc. offered long term disability coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability insurance policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of Alzheimer's Disease and Related

Disorders Association, Inc.

14.

Under Defendant's Policy, "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1. unable to perform the material duties of his or her Regular Occupation; and

2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and

2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability."

15.

Plaintiff worked for Alzheimer's Disease and Related Disorders Association, Inc. as a Program Director which included responsibilities for a nineteen county area

in Georgia and extensive travel.

16.

Plaintiff ceased working on or about February 19, 2019 due to complications of common variable immunodeficiency disease (CVID) and fibromyalgia.

17.

Plaintiff's symptoms included chronic cough, shortness of breath, asthma, fatigue and speaking difficulty.

18.

After an extensive letter writing period, Defendant found Plaintiff disabled and payed benefits up to May 19, 2021.

19.

On December 11, 2020, at a hearing an Administrative Law Judge awarded Social Security benefits to Plaintiff.

20.

Specifically, the Administrative Law Judge found that given Plaintiff's age, education, work experience and residual functional capacity there are no jobs that existed in significant numbers in the national economy that she could perform.

21.

On or about March 12, 2021, Plaintiff repaid Defendant the overpayment that was created as a result of her award of Social Security benefits.

22.

On April 22, 2021, Plaintiff attended a Independent Medical Examination on behalf of Defendant.

23.

In that examination Dr. Stephen Herman initially found that Plaintiff could only sit up to two and one-half hours a day and therefore did not qualify for sedentary work.

24.

On May 4, 2021, Dr. Herman, after being contacted by Defendant's contractor, revised his opinion to state that Plaintiff was able to perform light duty work.

25.

On March 22, 2021 and again on May 6, 2021, Defendant performed a Transferrable Skills Analysis based on the revised findings of Dr. Herman and identified two jobs that it believed Plaintiff could perform and earn up to sixty percent of her previous earnings.

26.

On November 4, 2021, Plaintiff appealed the denial of benefits with updated medical records.

27.

On December 29, 2021, Plaintiff submitted a questionnaire from her doctor, Dr. Hogan, in response to Dr. Herman's Independent Medical Examination and stated that he did not agree with the findings of the Independent Medical Examination and that Plaintiff was unable to sit, stand or lay in a single position for more than ten to fifteen minutes without severe pain causing her to change positions.

28.

Dr. Hogan further stated that she has symptoms of cognitive impairment with difficulty concentrating and is unable to maintain gainful employment.

29.

On January 18, 2022, Plaintiff sent in the results of a Functional Capacity Evaluation that showed that she was at the below sedentary physical demand characteristic level.

30.

On February 7, 2022, Plaintiff sent in a vocational report from Larry

Underwood who identified several mistakes in Defendant's vocational assessment and stated that there were no occupations in competitive employment at sedentary or light exertions that Plaintiff could engage in on a regular basis.

31.

Plaintiff also included a treating physician questionnaire completed by Dr. Hogan stating that he agreed with the findings of the Functional Capacity Evaluation.

32.

On April 15, 2022, Defendant submitted to Plaintiff two file reviews by medical doctors and another transferrable analysis.

33.

On May 11, 2022, Plaintiff's vocational expert responded with a report explaining why Defendant's vocational analysis remained in error.

34.

Plaintiff's vocational expert explained that there were no occupations that could be identified even accepting Dr. Herman's work restrictions or the reviewing physical medicine doctors' restrictions.

35.

On June 2, 2022, Defendant upheld its termination of benefits.

36.

Administrative remedies have been exhausted.

37.

Defendant's denial of Plaintiff's claim for long term disability benefits is a breach of the terms of the policy issued by Defendant.

### III.  CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

38.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 stated above.

39.

Plaintiff is entitled to long term disability benefits under Defendant's Policy for the following reasons:

a. These benefits are permitted under the plans;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

40.

Defendant has refused to pay disability benefits despite substantial medical and vocational documentation.  As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief as outlined below.

### IV.  RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff disability benefits in the proper amount from May 19, 2021 and continuing, plus the maximum allowable interest on all back benefits;

(2) Enjoin Defendant from any further prohibited acts against Plaintiff;

(3) Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(4) Grant other and further relief as may be just and proper.

This the __1st__ day of February, 2023.

                                                         */s/Heather K. Karrh*
                                                         HEATHER K. KARRH
                                                         Georgia State Bar No. 408379
                                                         MICHAEL J. HOFRICHTER

Ga. State Bar No. 359841
Attorneys for Plaintiff

ROGERS, HOFRICHTER & KARRH, LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770)460-1118 (telephone)
(770)460-1920 (facsimile)
Hkarrh@rhkpc.com

ATTORNEYS FOR PLAINTIFF